IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN P.K. LEUNG, *et al.*, | No. C 09-05825 SI |
| Plaintiffs, | **ORDER REMANDING CASE TO ALAMEDA COUNTY SUPERIOR COURT** |
| v. | |
| SUMITOMO CORPORATION OF AMERICA, *et al.*, | |
| Defendants. | |

Plaintiffs' motion to remand and defendants' motion to dismiss are set for a hearing on March 12, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS plaintiffs' motion and REMANDS this case to Alameda County Superior Court. The Court does not address defendants' motion to dismiss.

**BACKGROUND**

On September 25, 2009, individual plaintiffs Steven P. K. Leung ("Mr. Leung") and Constance M. Leung, along with business entities EC Tires, Inc., and Croda/Leung, LLC, filed an original complaint in the Alameda County Superior Court against Sumitomo Corporation of America, Big O Tires, LLC ("Big O"), TBC Corporation and individual Big O Tires employees Bill Moseley ("Moseley") and David Lynch ("Lynch"). The first amended complaint ("FAC"), filed October 14, 2009, alleges ten causes of action including breach of contract, fraudulent inducement and negligent misrepresentation. On December 11, 2009, defendants timely removed the case to federal court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. Defendants contend that the individual defendants who

are California residents were fraudulently joined for the sole purpose of defeating diversity and this Court otherwise has diversity jurisdiction over the matter.

Mr. Leung owns both Crota/Leung, LLC and EC Tires, Inc.; Constance Leung is the franchise guarantor for both companies. These business entities were formed for the purpose of purchasing Big O Tires franchises in Berkeley and El Cerrito, California respectively. Through Crota/Leung, LLC, Mr. Leung purchased half ownership in the Berkeley store in 1999 and the remaining half in 2004. In November 2007, Mr. Leung signed franchise agreements to open a Big O Tires franchise in El Cerrito, California and signed new franchise agreements to convert the Berkeley store to a different operating model. Big O Tires has at least two separate models under which its franchises operate: the traditional PDF model (where franchise owners pay a lower profit percentage to corporate headquarters but purchase tires at higher prices), and the BFF model (where franchise owners pay a higher percentage of profits but receive tires at lower cost).

Plaintiffs' sixth and eighth claims for relief allege fraud in the inducement and negligent misrepresentation. Plaintiffs claim that the individual defendants, Moseley and Lynch, coerced plaintiffs into opening the El Cerrito store as a BFF and converting the existing Berkeley store from a PDF to a BFF by making the El Cerrito franchise approval contingent upon this agreement. FAC ¶ 18. Additionally, plaintiffs claim that the individual defendants made affirmative misrepresentations about Big O's BFF program and concealed factual information about terms of the contract with intent to induce plaintiff into signing franchise agreements for BFF stores. *Id.* ¶¶ 18-21. Plaintiffs further allege they relied on this information and sustained economic damages as a result. With respect to the individual defendants' conduct, plaintiffs allege Moseley and Lynch "acted for their own individual benefit and advantage as well as for the benefit and advantage of their employer." *Id.* ¶ 7. In connection with the present motions, defendants Moseley and Lynch have submitted nearly identical declarations stating that they "acted solely in the interests of Big O, and not for any personal purpose or benefit to" themselves and that they acted "within the course and scope of [ ] official duties and employment at Big O." Decl. of David Lynch and Bill Moseley in Supp. of Opp. to Mot. to Rem. at ¶ 3-4.[1] Plaintiff Leung,

---

[1] Docs. No. 22-23.

2

on the other hand, has filed a declaration stating that he "suspect[s] that independent, third party sources outside Big O have provided financial incentives to Messrs. Moseley, Lynch, and other Big O managers to engage in [the] fraudulent conduct." Decl. Steve Leung in Supp. Reply to Mot. to Rem. ¶ 9.[2]

**LEGAL STANDARD**

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

The party that seeks to remain in federal court has the burden of proof on a motion to remand to state court. *See Conrad Assocs. v. Hartford Accident & Indem. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

Fraudulent joinder is one exception to the requirement of complete diversity under 28 U.S.C. § 1332. Fraudulent joinder "is a term of art" used to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). In order to prove fraudulent joinder, the defendant must prove that the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe,* 811 F.2d at 1339). There is a heavy burden on the defendant as "[f]raudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials, Inc.,* 494 F.3d at 1206 (9th Cir. 2007), and "all disputed questions of fact and all ambiguities in the controlling state law are [to be]

---

[2]Doc. No. 34.

3

resolved in plaintiff's favor." *Calero v. Unisys Corp.,* 271 F.Supp.2d 1172, 1176 (N.D.Cal. 2003). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." *Macey v. Allstate Prop. & Cas. Ins. Co.,* 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

**DISCUSSION**

Defendants contend that diversity jurisdiction exists because the only non-diverse defendants were fraudulently joined. To support its position that plaintiffs obviously fail to state a claim against defendants Moseley and Lynch, defendants make several arguments. First, defendants claim that employees Moseley and Lynch did not act for their personal benefit but acted only within the scope of their agency relationship, on behalf of Big O, and as such, they should have no personal liability for Big O's contractual duties. Defendants also claim the parol evidence rule bars plaintiffs from introducing evidence inconsistent with the written franchise agreement to prove personal liability of the individual defendants. Moreover, defendants argue plaintiffs cannot prove negligent misrepresentation or fraudulent inducement because there was no justifiable reliance. Finally, defendants argue plaintiffs have failed to allege third party reliance, a necessary element for negligent misrepresentation under Colorado law. Defendants contend that Colorado state law applies to the fraud and negligence claims because these claims arise out of the franchise agreement under which the parties agreed to be bound by Colorado law.[3]

**I.     Elements of state law claims for fraud in the inducement and negligent misrepresentation**

Plaintiffs allege two claims against the individual defendants: fraud in the inducement and negligent misrepresentation. Under the laws of both Colorado and California, to prove negligent misrepresentation, a plaintiff must show the defendant supplied false information in a business

---

[3] However, both parties analyze whether plaintiffs have stated a claim against the individual defendants under both California and Colorado law, and it appears that there is no significant distinction between California and Colorado law with respect to negligent misrepresentation or fraudulent inducement. Additionally, the general theories of agency law and parol evidence limitations on extrinsic evidence are largely cohesive in both jurisdictions. Accordingly, the Court need not determine which state law governs the substantive legal issues.

4

transaction, failed to exercise reasonable care or competence in obtaining or communicating information and plaintiff justifiably relied on this information. *See Mehaffy, Rider, Windholz & Wilson v. Central Bank, N.A.,* 892 P.2d 230, 236 (Colo. 1995); *Conroy v. Regents of University of California,* 203 P.3d 1127, 1136 (Cal. 2009). To show fraud in the inducement, California requires "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy,* 203 P.3d at 1136 (Cal. 2009). The nearly identical requirements under Colorado law require a plaintiff to show (1) a defendant's misrepresentation of a material fact, (2) plaintiff's reliance on that misrepresentation, (3) plaintiff's reliance on the misrepresentation was justifiable, and (4) justifiable reliance resulted in damage to the plaintiff. *J.A. Walker Co., Inc. v. Cambria Corp.,* 159 P.3d 126, 132 (Colo. 2007).

## II. Agency

Defendants contend that Moseley and Lynch acted as agents of Big O and cannot be held personally liable. California and Colorado state laws are largely in agreement in the area of agency theories of liability. As a general rule, an agent is not personally liable for acts undertaken that are wholly within the scope of his or her employment. *Leonard v. McMorris,* 63 P.3d 323, 327 (Colo. 2003); *McCabe,* 811 F.2d at 1339 (applying California law); *Weiss v. Washington Mutual Bank,* 53 Cal. Rptr. 3d 782, 785 (Cal. App. Ct. 2007). Both states will allow agents to be held personally liable, however, when they act outside the scope of their authority, *McMorris,* 63 P.3d 331, as for example, where an agent acts wrongfully, Cal. Civ. Code § 2343(3). On facts similar to the present case, a recent case in the Central District of California reinforced this principle of agency theory. *Black Donuts, Inc., et al. v. Sumitomo Corp. et al.,* No. 10-0454, slip op. at 13 (C.D. Cal Mar. 3, 2010). Noting that "in California and elsewhere . . . an agent is liable for his tortious acts that injure a third party," the court found no fraudulent joinder of an individual Big O Tires employee, accused of fraud in the inducement, and remanded the case to state court. *Id.*

Defendants argue that Moseley and Lynch were motivated, at least in part, by a desire to benefit Big O, and that they received no independent pecuniary gain, and thus their conduct is privileged under California law. *McCabe,* 811 F.2d 1339. Plaintiffs, on the other hand, argue that defendants'

5

declarations are self serving and note that the FAC alleges the individual defendants acted for their personal benefit. Moreover, in his declaration, Mr. Leung states he believes the defendants were motivated by self interests beyond their financial compensation from Big O. The Court is to resolve all factual disputes in plaintiffs' favor, but regardless of whether or not the individual defendants received independent financial compensation, personal liability may be found on other grounds.

As in *Black Donut*, whether the individual defendants did or did not receive outside compensation is irrelevant since individual defendants may also be held personally liable for their wrongful acts. *See Black Donuts,* No. 10-0454, slip op. at 18-19; Cal. Civ. Code § 2343(3). Even if the employees were acting at the behest of Big O, "[a]n agent or employee is always liable for his own torts." *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,* 131 Cal. Rptr. 2d 777, 788 (Cal. App. Ct. 2003). Additionally, even "[if ]a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability." *Id.* This well established principle was also recognized in *Black Donut* as grounds for rejecting the defendants' fraudulent joinder claim and remanding the case to state court. *Black Donut,* No. 10-0454, slip op. at 13-15 (citing numerous authorities recognizing an agent's personal liability for fraudulent conduct). Based on facts and claims similar to plaintiffs' in this case, the court determined a potential state cause of action existed against an individual defendant, notwithstanding the fact that he was acting as an agent of Big O Tires. *Id.* Thus, while defendants, Moseley and Lynch, allege they acted solely in their capacity as agents of Big O, this would not shield them from claims of misrepresentations based in tort.

Defendants also argue that in general, when a principal is disclosed, individual agents will not be personally liable for a breach of the terms of the contract. *See, e.g., Filippo Industries v. Sun Ins. Co.,* 88 Cal. Rptr. 2d 881, 889-90 (Cal. App. Ct. 1999) ("an agent cannot be held liable for breach of a duty which flows from a contract to which he is not party"); *Grubb & Ellis Co. v. First Texas Sav. Ass'n,* 726 F.Supp. 1226 (D.Colo. 1989). Defendants categorize "plaintiffs' allegations regarding the alleged promises by the employee defendants [as all] relat[ing] to contractual duties allegedly owed by Big O under the franchise agreements." Opp. Mot. to Rem. 12:6-7. Moreover, defendants repeatedly argue that Moseley and Lynch are not parties to the franchise agreement and therefore should not be

6

1 liable for the alleged breach of terms in the contract. However, plaintiffs' claims against the individual
2 defendants are not for the breach of contract terms, but rather the torts of negligent misrepresentation
3 and fraud in the inducement for acts leading up to the contract formation. The Colorado Supreme Court
4 has reaffirmed that a "plaintiff who has been fraudulently induced to enter into the contract may either
5 sue to rescind the contract or affirm the contract and sue in tort for the damages caused by the fraudulent
6 act." *Robinson v. Colo. State Lottery Div.,* 179 P.3d 998, 1004 (Colo. 2008) (citing *W. Cities Broad.,*
7 *Inc. v. Schueller,* 849 P.2d 44, 48 (Colo. 1993)). The fact that Moseley and Lynch would not be liable
8 for the alleged breach of contract terms is not relevant to the tort claims of fraud or misrepresentation.

### III.    Parol evidence

Even if the individual defendants may be personally liable for their conduct, defendants argue parol evidence bars plaintiffs from introducing any evidence of their oral statements in light of the integration clause found in the franchise agreement. The parol evidence rule generally prohibits parties from introducing oral evidence that adds to, contradicts or varies the terms of a writing intended to be the final expression of the parties' agreement. Cal. Civ. Proc. Code § 1856(a) (2009); Colo. Rev. Stat. § 4-2-202 (2009).

The parol evidence rule, however, typically does not bar extrinsic evidence to prove fraud. In Colorado, "the parol evidence rule applicable to contract disputes ha[s] no force in a tort action alleging fraudulent misrepresentation in the inducement to execute an agreement." *Keller v. A.O. Smith Harvestore Prods., Inc.,* 819 P.2d 69, 72-73 (Colo. 1991) (relying on *Bill Dreiling Motor Co. v. Shultz,* 450 P.2d 70 (Colo. 1969)). Additionally, the California parol evidence statute "does not exclude other evidence of the circumstances under which the agreement was made . . . or to establish . . . fraud." Cal. Civ. Proc. Code § 1856(g) (2009). While the California Supreme Court has limited the use of extrinsic evidence to prove a promise directly conflicting with the express terms of a written agreement, *Bank of America Nat'l Trust & Sav. Asso. v. Pendergrass,* 48 P.2d 659, 661 (Cal. 1935), extrinsic evidence is permissible to show misrepresentations of fact, *Pacific State Bank v. Greene,* 1 Cal. Rptr. 3d 739, 752 (Cal. App. Ct. 2003). Extrinsic evidence is also permissible in California to show fraudulent concealment. *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.,* 7 Cal. Rptr. 2d 859, 863 (Cal. App.

7

Ct. 1992). Plaintiffs have alleged misrepresentations of fact and fraudulent concealment in their complaint, and under the law of both states, it is not obvious that the parol evidence rule would bar plaintiffs from introducing such evidence.

### IV.    Justifiable reliance

Defendants also argue that plaintiffs could not have reasonably relied on any statements made by Moseley or Lynch as to the terms of the contract or the guarantees of profitability because, along with the franchise agreement, Mr. Leung signed a Closing Acknowledgment that stated: "I am not relying on any promises of Big O which are not contained in the Big O franchise agreement." Decl. of Custodian of Records in Supp. of Opp. Mot. to Rem., Exh. 3. Plaintiffs argue this integration clause is not conclusive.

Integration clauses are not always conclusive of intent. In California, courts are split as to whether integration clauses are a question of law, fact or a mixed question. *See* 2 California Contract Litigation, Ch. 21, § 21.06 (Matthew Bender). At this stage, however, ambiguities in state law must be resolved in plaintiffs' favor. In one case, the California Appeals Court has held that an integration clause does not, as a matter of law, conclusively establish that reliance was not justified. *Hinesley v. Oakshade Town Center,* 37 Cal. Rptr. 3d 364, 372 (Cal. App. Ct. 2005). Additionally, the Colorado Supreme Court has also noted that a merger clause is not conclusive evidence of intent and "a seller should not be allowed to hide behind an integration clause to avoid the consequences of a misrepresentation." *Nelson v. Elway,* 908 P.2d 102, 117 (Colo. 1995). In both states, whether or not reliance was justified or reasonable is a question of fact to be determined by weighing the evidence. *Gray v. Don Miller & Associates, Inc.,* 674 P.2d 253, 255 (Cal. 1984); *Alfaro v. Community Housing Improvement System & Planning Assn., Inc.,* 171 Cal. App. 4th 1356, 1383 (Cal. Ct. App. 2009); *Nelson,* 908 P.2d 102, 123 (Colo. 1995) ("reasonable reliance is a question of fact"). Thus, notwithstanding the integration clause in the Closing Acknowledgment, it is possible that the trier of fact could find plaintiffs reasonably relied on the alleged false statements and concealed facts.

## V. Third party transaction

Finally, defendants argue that plaintiffs cannot state a claim for negligent misrepresentation under Colorado law because they have failed to allege any third party transaction. Having found that plaintiffs have stated a non-fanciful claim of fraudulent inducement under both California and Colorado law, the Court need not address this argument. Defendants, however, may renew this point upon remand.

## CONCLUSION

Defendants have failed to meet the heavy burden required to prove fraudulent joinder by clear and convincing evidence. In resolving facts and ambiguities in state law in favor of plaintiff, the Court finds defendants have failed to prove plaintiffs' "obvious" failure to state a claim against individuals Moseley and Lynch under either California or Colorado law. Accordingly, there is no fraudulent joinder and the Court lacks diversity jurisdiction. The Court hereby GRANTS plaintiffs' motion to remand and does not address defendants' motion to dismiss. (Docket Nos. 11 and 8).

**IT IS SO ORDERED.**

Dated: March 9, 2010

SUSAN ILLSTON
United States District Judge